IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Mendez,<br><br>    Petitioner,<br><br>vs.<br><br>Meg Savage; Arizona Attorney General,<br><br>    Respondents. | No. CIV 04-2904-PHX-JAT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, U.S. DISTRICT JUDGE:

    Enrique Mendez filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 15, 2004, and an Amended Petition on July 26, 2005, challenging his conviction following a guilty plea to theft of a means of transportation, and the imposition of an exceptional mitigated term of 3.5 years' imprisonment. He raises two grounds for habeas relief: 1) that he was forced to sign a plea that he did not want to sign and the prosecutor threatened him; and 2) that he is being held illegally at the Department of Corrections because his release date has passed. Mendez was released from the Department of Corrections on July 30, 2005. Respondents contend that Ground I is procedurally defaulted and that Ground II is moot. The Court recommends that Mendez's petition be denied and dismissed with prejudice.

Following his guilty plea, entered on November 22, 2002, Mendez filed a notice of post-conviction relief on December 18, 2002 (Doc. #17, Exh E).[1]  On June 6, 2003, counsel filed a Notice of Completion of Post-Conviction Review, indicating that she had reviewed the Maricopa County Superior Court instruments and minute entries; the transcripts of the change of plea and sentencing proceedings; and had two phone conferences with Mendez, on April 28, 2003, and June 2, 2003, and had been unable to find any colorable claims for relief (*Id.*, Exh L).  The superior court granted her request for a 45-day extension to allow Mendez to file a *pro per* petition (*Id.*, Exh M).

Mendez filed a petition on June 11, 2003, arguing that the transcript of the change of plea proceeding was "wrong"; that it did not "state what really went on"; that trial counsel "did not fully do his job;" ignored his wish to go to trial and "lied to the court"; that Mendez did not receive due process; and that he wanted "to take this case to trial" (*Id.*, Exh N).  The Government responded, contending that "Mendez has presented nothing to support his conclusory allegations about an inaccurate transcript and his attorney's performance," and that Mendez's in-court statements at the change of plea proceedings constituted conclusive evidence of voluntariness that would "foreclose a later claim of involuntariness" (*Id*. Exh O at 3).  In his reply, Mendez again claimed there were errors in the change of plea transcript; that he was forced into the plea; that his attorney did not read the plea to him; that the prosecutor threatened him; that his lawyer refused to go to trial; and further contended that the Department of Corrections had the wrong release dates (*Id.*, Exh P).

On November 17, 2003, the trial court summarily dismissed Mendez's petition as follows:

> IT IS ORDERED summarily dismissing Defendant's pro per Petition for Post-Conviction Relief because Defendant does not state facts that would support a colorable claim of ineffective assistance of counsel.  Defendant's

---

[1] Although the Government describes several overlapping post-conviction pleadings filed by Mendez as part of the procedural history, the Court will only recite the history pertinent to his original post-conviction petition.

- 2 -

> statement that the record does [not] reflect what really happened is too general to support any claim. The Court was careful to determine that the Defendant was competent to proceed. After two doctors found him competent in Rule 11 proceedings, the Court appointed a third doctor (Dr. Potts) to examine Defendant. Again he was found competent. Some time after the results of Dr. Potts' examination and of his own volition Defendant pled guilty. He informed the Court that he had not been forced to enter the guilty plea. His avowal is conclusive on the issue of voluntariness. State v. Hamilton, 142 Ariz. 91, 93, 688 P.2d 983, 985 (1984). Therefore the basis of his claim for ineffective assistance of counsel (his counsel overrode Defendant's desire to go to trial) is foreclosed.

(*Id.*, Exh Q).

On November 26, 2003, Mendez filed a "Notice of Appeal" in the court of appeals, which the court construed as a petition for review; Mendez was given 30 days to file a proper petition for review, which he filed on December 18, 2003 (*Id.*, Exh U-Y). In his petition for review, he again maintained that he was forced to enter the plea while on psychiatric medication; accused his trial counsel of ignoring his wish to go to trial; asserted that the trial court had called him derogatory names; and requested a new competency evaluation (*Id.*, Exh U at 1-3). The court of appeals denied review on Mendez's original post-conviction petition on January 28, 2005 (*Id.*, Exh AA).

Mendez makes several accusations in his first ground. Despite telling his attorney several times that he wished to go to trial, he asserts that his attorney stated that he did not care what Mendez wanted, that he was not going to take it to trial. Mendez also asserts that the plea was not read or explained to him; that he was told the trial was starting, but it was really a change of plea hearing; that the prosecutor threatened to "hang [his] a--" if Mendez did n't "fu----- take the plea"; that the judge did not allow Mendez to withdraw from the plea, even though he tried several times; and that Mendez was verbally threatened by both the prosecutor and trial counsel (Doc. #5 at 5).

In his second ground he alleges that he is being held at the Department of Corrections illegally because his release date has passed. He asserts that his scheduled release date was May 1, 2004, and that he was told he would be released on that date. He maintains that when he submitted his paperwork to the Central Office, they refused to supply him a verified time

1  computation. He contends that he later verified the May 1 release date with a corrections
2  officer. At the time he filed his Amended Petition on July 26, 2005, he had still not been
3  released. He was released from the Department of Corrections on July 30, 2005.

4  Respondents argue initially that there is nothing in Mendez's Rule 32 Petition that
5  would have alerted the state court to the fact that he was asserting a federal claim. They
6  similarly argue that Mendez has failed to "fairly present" Ground I of his federal petition to
7  this Court. The Court disagrees. In state court, the trial judge construed the claims raised
8  in his post-conviction petition as alleging ineffective assistance of counsel, a Sixth
9  Amendment claim, and analyzed it in those terms. Mendez reurges the same argument,
10 supported by the same allegations, in Ground I of his federal petition: that his plea was
11 involuntary, based in part on trial counsel's actions. The Court finds that it sufficiently states
12 a federal claim to allow habeas review.

13 The state court determined from a review of the record, that after being found
14 competent to stand trial by three doctors, Mendez "of his own volition ...pled guilty" after
15 informing the trial court "that he had not been forced to enter the guilty plea." The trial court
16 concluded that "[h]is avowal is conclusive on the issue of voluntariness," and "[t]herefore the
17 basis of his claim for ineffective assistance of counsel (his counsel overrode Defendant's
18 desire to go to trial) is foreclosed" (Doc. #17, Exh Q). This state court decision is a
19 reasonable application of clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1);
20 *Strickland v. Washington*, 466 U.S. 668 (1984); *Boykin v. Alabama*, 395 U.S. 238 (1969).

21 Finally, the Court agrees with Respondents that Ground II is moot, based upon his
22 release from the custody of the Department of Corrections. He does not continue to suffer
23 collateral consequences, *see Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004), despite
24 still serving the community supervision portion of his sentence. First, community
25 supervision is not equivalent to imprisonment. *See State v. Cowles*, 207 Ariz. 8, 10 (App.
26 2004). Second, assuming he had been released earlier, it would not have affected his term
27 of community supervision. *Id.* Third, even if Mendez were found to be in violation of his

community supervision, his subsequent incarceration would be a consequence of that violation, not any earlier alleged miscalculation of his term of imprisonment. *Caswell*, 363 F.3d at 836-37.

**IT IS THEREFORE RECOMMENDED** that Enrique Gabrielle Mendez's Amended Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #5).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 1st day of May, 2006.

_____
David K. Duncan
United States Magistrate Judge