**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Enrique Mendez, | ) | No. CV-04-2904-PHX-JAT |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Meg Savage; Arizona Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus, which was filed on December 15, 2004 and amended and re-filed on July 26, 2005. On May 1, 2006, Magistrate Judge David Duncan issued a report and recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice. Petitioner filed objections to the R&R on May 17, 2006, within the time allotted pursuant to Rule 72, *Federal Rules of Civil Procedure*.

**I.    STANDARD OF REVIEW**

When reviewing an R&R issued by a Magistrate Judge, this Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the [M]agistrate." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original);

*Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). Because Petitioner filed objections to the Magistrate Judge's R&R, this Court will review the Magistrate's recommendations for Petitioner's Petition for Writ of Habeas Corpus *de novo*.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner pled guilty to theft of a means of transportation. Following his guilty plea, entered on November 22, 2002, Petitioner filed a notice of post-conviction relief on December 18, 2002. (Doc. #17, Exh E).[1] On June 6, 2003, counsel filed a Notice of Completion of Post-Conviction Review. She indicated that she had reviewed the Maricopa County Superior Court instruments and minute entries and the transcripts of the change of plea and sentencing proceedings. She also had two phone conferences with Petitioner, which took place on April 28, 2003 and June 2, 2003. Based on her reviews and telephone conferences, she was unable to find any colorable claims for relief. (*Id.*, Exh L). The superior court granted her request for a 45-day extension to allow Petitioner to file a *pro per* petition. (*Id.*, Exh M).

Petitioner filed a petition on June 11, 2003, arguing that the transcript of the change of plea proceeding was "wrong"; that it did not "state what really went on"; that trial counsel "did not fully do his job" and ignored his wish to go to trial; that Petitioner did not receive due process; and that he wanted "to take his case to trial." (*Id.*, Exh N).

On November 17, 2003, the trial court summarily dismissed Petitioner's petition as follows:

> IT IS ORDERED summarily dismissing Defendant's pro per Petition for Post-Conviction Relief because Defendant does not state facts that would support a colorable claim of ineffective assistance of counsel. Defendant's statement that the record does [not] reflect what really happened is too general to support

---

[1] Although the Government describes several overlapping post-conviction pleadings filed by Petitioner as part of the procedural history, the Court will only recite the history pertinent to his original post-conviction petition.

> any claim. The Court was careful to determine that the Defendant was competent to proceed. After two doctors found him competent in Rule 11 proceedings, the Court appointed a third doctor (Dr. Potts) to examine Defendant. Again he was found competent. Some time after the results of Dr. Potts' examination and of his own volition Defendant pled guilty. He informed the Court that he had not been forced to enter the guilty plea. His avowal is conclusive on the issue of voluntariness. State v. Hamilton, 142 Ariz. 91, 93, 688 P.2d 983, 985 (1984). Therefore, the basis of his claim for ineffective assistance of counsel (his counsel overrode Defendant's desire to go to trial) is foreclosed.

(*Id.*, Exh Q).

On November 26, 2003, Petitioner filed a "Notice of Appeal" in the court of appeals that the court construed as a petition for review. Petitioner was given 30 days to file a proper petition for review, which was filed on December 18, 2003. (*Id.,* Exh U-Y). In his petition for review, he again maintained that he was forced to enter the plea while on psychiatric medication and accused his trial counsel of ignoring his wish to go to trial. Additionally, he asserted that the trial court had called him derogatory names and requested a new competency evaluation. (*Id.*, Exh U at 1-3). The court of appeals denied review on Petitioner's original post-conviction petition on January 28, 2005. (*Id.*, Exh AA).

Shortly before the court of appeals denied review, Petitioner filed the petition in this case on December 15, 2004. He makes several accusations in the first ground of his Petition. Despite telling his attorney several times that he wished to go to trial, he asserts that his attorney stated that he did not care what Petitioner wanted and that he was not going to take the case to trial. Petitioner also asserts that the plea was not read or explained to him and that he was told the trial was starting, but it was really a change of plea hearing. Furthermore, he asserts that the prosecutor threatened Petitioner and that the judge did not allow Petitioner to withdraw from the plea, even though he tried to withdraw several times. He further asserts that he was verbally threatened by both the prosecutor and trial counsel. (Doc. #5 at 5).

In his second ground, Petitioner alleges that he is being held at the Department of Corrections illegally because his release date has passed. He asserts that his scheduled

release date was May 1, 2004 and that he was told that he would be released on that date. At the time he filed his Amended Petition on July 26, 2005, he still had not been released. He was released from the Department of Corrections on July 30, 2005.

### III. DISCUSSION

#### A. Assistance of Counsel

Federal habeas relief is available only if the state prisoner is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (1996). Thus, unless there is a denial of due process, federal habeas relief does not extend to violations of state law. *Estelle v. McGuire,* 502 U.S. 62 (1991). Under federal law, the Sixth Amendment entitles the accused to the assistance of an attorney. In this case, Petitioner's federal petition states that his plea was involuntary, based in part on trial counsel's actions. Thus, the Petition sufficiently states a federal claim on which habeas review is permitted.

Under 28 U.S.C. § 2254(d)(1), the petition must be denied unless the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63 (2003). The federal law applicable in this case is a two-part test that the Supreme Court established in *Strickland v. Washington*. 466 U.S. 668 (1984).

"[A]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice in the context of a plea agreement, Petitioner "must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In this case, the state court determined from a review of the record that after being found competent to stand trial by three doctors, Petitioner "of his own volition...pled guilty"

1 after informing the trial court "that he had not been forced to enter the guilty plea." The trial
2 court concluded that "[h]is avowal is conclusive on the issue of voluntariness," and
3 "[t]herefore the basis of his claim for ineffective assistance of counsel (his counsel overrode
4 Defendant's desire to go to trial) is foreclosed." (Doc. #17, Exh Q). This state court decision
5 is a reasonable application of clearly established Federal law under *Strickland* and is based
6 on a reasonable determination of the facts in light of the evidence presented. Because
7 Petitioner's agreement to plead guilty was voluntary, as evidenced by his remarks in court
8 stating that he was not forced to enter the guilty plea, Petitioner's allegations that counsel
9 coerced him are foreclosed by the record. Thus, the first prong of the *Strickland* test is not
10 satisfied. The second prong of the test, concerning possible prejudice to the defendant, need
11 not be analyzed because both prongs of the test must be met. *Strickland*, 466 U.S. at 697.
12 Thus the petition for writ of habeas corpus will be denied on this claim because the state
13 court decision was a reasonable application of clearly established Federal law.

**B. Detention**

15 Petitioner's second ground for relief is moot, based upon his release from the custody
16 of the Department of Corrections. A case is moot if it does not satisfy the case-or-
17 controversy requirement of Article III, §2 of the United States Constitution. *Spencer v.*
18 *Kemna*, 523 U.S. 1, 7 (1998). "The case-or-controversy requirement demands that, through
19 all stages of federal judicial proceedings, the parties continue to have a personal stake in the
20 outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)
21 (internal quotation marks and citation omitted). "This means that, throughout the litigation,
22 the plaintiff must have suffered, or be threatened with, an actual injury traceable to the
23 defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at
24 7 (quoting *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990)). In the context of a prison
25 sentence, a challenge to a prison sentence becomes moot once the sentence has been served,
26 unless the petitioner continues to suffer collateral consequences. *United States v. Palomba*,
27 182 F.3d 1121, 1123 (9th Cir. 1999).

- 5 -

1    In this case, because Petitioner has completed his prison sentence and has been 2 released, his claim is moot. Even though Petitioner is still serving the community 3 supervision portion of his sentence, the imprisonment sentence has been completed. 4 Community supervision is not equivalent to imprisonment. *See State v. Cowles*, 82 P.3d 369, 5 371 (Ariz. Ct. App. 2004). Additionally, because Petitioner has already been released, his 6 injury will not be redressed by a favorable judicial decision, nor will a favorable decision 7 affect his term of community supervision.

8    An exception to the general rule that a challenge to a prison sentence becomes moot 9 once the sentence has been served is the collateral consequence exception. This exception 10 allows the defendant to challenge a completed prison sentence if he suffers collateral 11 consequences. *Palomba*, 182 F.3d at 1123. In this case, however, Petitioner has not asserted 12 that any collateral consequences would be remedied if this Court now finds that there was 13 a miscalculation of the length of his sentence. Even if Petitioner argued that he suffered a 14 collateral consequence, it is likely that the consequence would not be considered collateral 15 and thus would not constitute a sufficient injury for standing. For example, the U.S. Supreme 16 Court in *Spencer* rejected as moot a challenge to an alleged erroneous parole revocation 17 because the defendant had completely served his sentence. *Spencer,* 523 U.S. at 7. The 18 defendant in *Spencer* argued that the revocation could be used to increase his sentence in a 19 future proceeding and thus a collateral consequence that entitled him to relief. *Id*. The Court 20 disagreed and held that this was not a collateral consequence and therefore not a sufficient 21 injury for standing. *Id.*

22    In this case, Petitioner cannot argue that any alleged miscalculation in his sentence, 23 which might affect future sentences, is a collateral consequence because that argument does 24 not constitute a sufficient injury for standing, as stated in *Spencer. Id*  Because Petitioner has 25 not suffered any collateral consequences, the exception does not apply to Petitioner; thus his 26 claim concerning illegal detention is moot.

27
28

### IV. CONCLUSION

This Court adopts the Magistrate Judge's findings that Petitioner's counsel was not ineffective. Also, the Court agrees that the claim that Petitioner is being held illegally at the Department of Corrections is moot.

Accordingly,

**IT IS ORDERED** that Petitioner's objections (Doc. #19) are overruled, the R&R recommendation (Doc. #18) that the Petition for Writ of Habeas Corpus be denied is accepted, and the Petition for Writ of Habeas Corpus is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court terminate this action and enter judgment accordingly.

DATED this 1st day of June, 2006.

_James A. Teilborg_
United States District Judge